## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BERGE HELENE LTD., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2931 |
| | § | |
| GE OIL & GAS, INC. and JOHN | § | |
| DOES 1–10, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this commercial dispute is a Motion to Lift Stay

and For Leave to File a First Amended Complaint [Doc. # 32] ("Motion"), filed by

Plaintiff Berge Helene Ltd. ("Berge Helene").[1]  Defendant GE Oil & Gas, Inc. ("GE

O&G") has responded in opposition [Doc. #34], and Berge Helene has replied [Doc.

# 36].  Upon review of the parties' submissions, all pertinent matters of record, and

applicable law, the Court concludes that Berge Helene's Motion should be **granted**

**in part and denied in part**.

## I.    FACTUAL BACKGROUND

Berge Helene is the owner of a Floating Production, Storage and Offloading

unit ("FPSO") used in the storage and production of petroleum products.  GE O&G

---

[1]     Berge Helene has also filed a Memorandum of Law in Support of Motion to Lift Stay
and For Leave to File a First Amended Complaint [Doc. # 33].

is a company that *inter alia* manufactures gas compressors.  In December 2002, GE O&G entered into an agreement (the "Packager Agreement") with Flotech Limited ("Flotech"), which provided that Flotech would package compressors manufactured by GE O&G.  In 2003, Berge Helene tendered a bid to a third-party to provide the services of its FPSO to provide 70 mmscfd of gas compression in an oil field off the coast of Mauritania.  In order to meet these compression requirements, Berge Helene entered a contract with ABB Offshore Systems AS ("Aibel") for the purchase and installation of three compressors on the FPSO.  Aibel in turn contracted with Flotech to purchase GE O&G compressors packaged by Flotech.  Berge Helene contends that shortly after the compressors were placed into production they experienced significant and ongoing failures that resulted in Berge Helene being unable to provide the contractually required rate of gas compression.

Accordingly, on October 1, 2008, Berge Helene brought suit in this Court against GE O&G, alleging, among various claims, that it was a third-party beneficiary of express warranties made by GE O&G to any or all of the entities in the distribution chain and of implied warranties that flowed to any of the entities of the distribution chain.  GE O&G filed a Motion to Compel Arbitration and Stay Proceedings [Doc. # 14], arguing that Berge Helene was bound to arbitrate its claims against GE O&G pursuant to the arbitration provision of the Packager Agreement between GE O&G

and Flotech.[2]  By Memorandum and Order [Doc. # 31] dated March 17, 2009, the Court granted in part and denied in part GE O&G's Motion to Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*  Specifically, the Court held that Berge Helene's claim that it is a third-party beneficiary of express warranties made by GE O&G to Flotech was subject to arbitration.  The Court, however, found that all of Berge Helene's remaining claims, which included express warranty claims against others and implied warranty claims against GE O&G and others, were not arbitrable.  The Court stayed litigation of the arbitrable claim as required by Section 3 of the Act.  9 U.S.C. § 3.  The Court also exercised its discretion and stayed litigation of all the other claims until completion of the arbitration.

On April 3, 2009, Berge Helene filed the pending Motion, seeking to lift the stay of this case and file a First Amended Complaint [Doc. # 32] that eliminates the single arbitrable claim, Berge Helene's third-party beneficiary claim based on express warranties by GE O&G to Flotech.  Ten days later, on April 13, 2009, GE O&G filed a demand for arbitration with the International Centre for Dispute Resolution ("ICDR"), seeking unspecified declaratory relief, attorneys' fees, and arbitration costs on the claim Berge Helene had already sought to abandon.  By letter dated April 15,

---

[2]     Berge Helene was not a signatory to the Packager Agreement.  Rather, GE O&G contended that Berge Helene was bound to arbitrate as a third-party beneficiary of the Packager Agreement or, in the alternative, under the theory of equitable estoppel.

2009, counsel for Berge Helene confirmed to counsel for GE O&G that "Berge Helene is willing to stipulate, in the action pending before the Court in Texas, to a dismissal with prejudice of Berge Helene's claim that it is entitled to judgement against GE [O&G] by virtue of Berge Helene's status as a third party beneficiary of express warranties provided by GE [O&G] to Flotech."[3]  GE O&G opposes Berge Helene's Motion.

## II.   LEGAL STANDARD

Because Berge Helene's Motion was filed before the deadline for amendments to pleadings, Rule 15(a) of the Federal Rules of Civil Procedure governs.  Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009).  The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted).  However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal

---

[3]     Letter of April 15, 2009, Exh. B to Berge Helene's Reply [Doc. # 36], at 2.  Berge Helene's Reply reiterate that "Berge Helene is offering to stipulate to dismissal of the claim deemed subject to arbitration."  Berge Helene's Reply [Doc. # 26], at 7.

quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*).

In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386–87 (5th Cir. 2003)*; Goldstein*, 340 F.3d at 254 (citations omitted). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Lyn-Lea*, 283 F.3d at 286; *Lone Star Ladies Invest. Club v. Schlotzky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (denying leave to amend absent articulable reason is an abuse of discretion); *Wimm*, 3 F.3d at 139.

Also pertinent is Section 3 of the Federal Arbitration Act, which requires that a court stay its proceedings on a claim that is subject to arbitration. *See* 9 U.S.C. § 3; *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("[A] court must stay its proceedings if it is satisfied that an issue before it is arbitrable . . . ."). Indeed,

pending resolution of the arbitration, on March 17, 2009,  the Court imposed the required stay on Berge Helene's claim that it is a third-party beneficiary of express warranties made by GE O&G to Flotech.

## III.   ANALYSIS

GE O&G opposes Berge Helene's Motion for several reasons.  Focusing on Berge Helene's request to amend its complaint to eliminate the single arbitral claim (but not alter the other claims asserted), GE O&G argues that it is not required to accept a dismissal of the claim, even a dismissal with prejudice, because GE O&G is "entitled to have a panel of arbitrators make the relevant factual and legal findings relating to the express warranties in the [Packager Agreement] and the parties' dispute in relation to that agreement."[4]  Relatedly, GE O&G argues that the Motion should be denied on the ground that Berge Helene's proposed amended complaint would be futile because the declaratory judgment claim is now exclusively the province of the ICDR.[5]  GE O&G also argues that Berge Helene's "sudden desire to withdraw the arbitrable claim is a tactical maneuver that serves 'no legitimate purpose.'"[6]  For the reasons set forth below, the Court concludes that Berge Helene's Motion should be

---

[4]      GE O&G's Response [Doc. # 34], at 4.

[5]      *Id.* at 5.

[6]      *Id.*

granted only to the extent that the Court will lift the discretionary stay it imposed on litigation of the nonarbitratable claims.

GE O&G argues that Berge Helene's proposed amended complaint would be "futile."  GE O&G misapplies the futility standard.  A motion for leave to amend should be denied as futile if the amended complaint could not withstand a motion to dismiss.  *Goldstein*, 340 F.3d at 254 (citing 6 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE, § 1489 (2d ed. 1990)).  Here, GE O&G does not argue that Berge Helene's amended complaint could not withstand a motion to dismiss.  Amending the complaint to remove a claim does not render the complaint unable to withstand a motion to dismiss.  The futility doctrine under Rule 15 does not pertain to circumstances such as those at bar where the defendant does not argue against the addition of a new claim, but rather asserts that a pending claim subject to arbitration should remain before the Court until a final ruling on that claim is made by arbitrators. GE O&G's argument is rejected.

GE O&G also contends that it is entitled to have the arbitrators render a decision on the claim (and surrounding facts) that the Court found to be arbitrable. The Court construes GE O&G's argument here to be that the Court lacks the power to dismiss the claim, with our without prejudice.  GE O&G relies on two cases ruling that once arbitration has begun, the arbitrators have discretion to rule on each factual

and legal question necessary to resolve the dispute submitted to arbitration. *See Gas Aggregation Servs. Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1064 n.4 (8th Cir. 2003); *Fed. Commerce & Navigation Co. v. Kanematsu-Gosho, Ltd.*, 457 F.2d 387 (2d Cir. 1972). Factually neither of these decisions speaks to the situation here. Nevertheless, the Court does not quarrel with the general proposition that an arbitrable claim should be decided by arbitrators. This deference is codified in Section 3 of the FAA, which requires the Court to stay its proceedings as to the arbitrable claim. The Court can find no authority permitting it at this time to take any action on the arbitrable claim, even though Plaintiff Berge Helene no longer seeks to pursue it. To dismiss the claim after the arbitration has commenced appears to contravene Section 3's mandate, and the Court declines to do so.

Nevertheless, Berge Helene's choice to abandon or to no longer contest a claim in all *fora* is its prerogative. To the extent Berge Helene's Motion and offer to GE O&G to dismiss with prejudice the arbitrable claim are an irrevocable concession to abandon that claim for all time in all *fora*, the Court is willing to rely on that commitment. GE O&G contends on the basis of several cases that Berge Helene's proposed dismissal of the arbitrable claim is an improper tactical maneuver, citing *PowerAgent Inc. v. Electronic Data Sys. Corp.*, 358 F.3d 1187 (9th Cir. 2004); *Haliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985);

*PowerAgent, Inc. v. United States District Court*, 2000 WL 32073 (9th Cir. 2000); *Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060, 1066 (D. Ariz. 1997); *Jureczki v. Bank One of Tex., N.A.*, 75 F. App'x 272, 275, 2003 WL 22121027, at *3 (5th Cir. 2003) ("[plaintiffs] cannot cast their claims in tort rather than under the contract governing their account merely to avoid arbitration" where the claims are "substantially interdependent").  These cases are materially distinguishable from the circumstances at bar and are not binding authority here.  Unlike the cases cited by GE O&G, Berge Helene does not seek to remove factual allegations from its complaint or mischaracterize theories merely to circumvent a previously ordered arbitration.  Rather, Berge Helene seeks to permanently and completely abandon any right to relief on a single claim that is independent from others it asserts.  In making this concession, Berge Helene seeks to provide GE O&G the full relief that the latter could legitimately obtain through the requested arbitration of GE O&G's putative declaratory judgment claim.  A party's offer to narrow the scope of a dispute in this context is not an improper tactical maneuver.

Assuming Berge Helene has abandoned or immediately will irrevocably abandon with prejudice in all *fora* its claim that it is a third party beneficiary of the GE O&G's express contractual warranties to Flotech,[7] the Court must address Berge

---

[7]     The Court construes this abandonment to include abandonment of Berge Helene's
(continued...)

Helene's request that the Court lift the discretionary stay and resume litigation of the other claims in this case.  The Court here reconsiders its decision to impose that stay. The Court finds that Berge Helene's complete abandonment of its single arbitrable claim would significantly tip the equitable scale and render the Court's discretionary stay of the rest of the claims unwarranted.   Assuming the requested claim abandonment is made final by Berge Helene, GE O&G's inchoate, defensive declaratory judgment request to the arbitrators in response to Berge Helene's claim appears to be uncontested and thus moot.[8]  Under the original procedural posture of this case, it was a close question whether to stay litigation before the Court on the remaining Berge Helene claims.  Under the circumstances then presented, the Court believed judicial economy mandated the stay because there appeared to be a meaningful overlap of issues regarding the arbitrable contested claim and issues necessary to resolution of some of the other claims.  The circumstances now have materially changed.  If Berge Helene irrevocably abandons the claim in issue, there

---

[7]     (...continued)
factual contention that it is a third party beneficiary of the GE O&G/Flotech Packager Agreement.  If that is not intended, then Berge Helene would be continuing to rely on the Packager Agreement which includes the arbitration clause.

[8]     The Court, nevertheless, leaves it to the parties, the arbitrators, and the ICDR to determine whether continuation of the pending arbitration is warranted.

is no reason to continue to delay court proceedings awaiting an arbitral decision on that uncontested claim.

The Court accordingly concludes that it is in the interests of justice to lift the discretionary stay on the non-arbitrable claims *if* Berge Helene by **July 6, 2009,** files with the Court an unequivocal statement abandoning in all *fora* its claim that it is a third-party beneficiary of express warranties made by GE O&G to Flotech.  If Berge Helene fails to timely file such a commitment, the Court will maintain the discretionary stay of the other claims.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, the Court concludes that the Berge Helene's Motion should be denied in part and granted in part.  Accordingly, it is hereby

**ORDERED** that Berge Helene's Motion [Doc. # 32] is **DENIED** with respect to Plaintiff's request to file the proposed First Amended Complaint and **GRANTED** as to the discretionary stay imposed on litigation of Berge Helene's other claims to the extent described herein.  It is further

**ORDERED** that *if* Berge Helene by **July 6, 2009,** files with the Court an unequivocal statement abandoning in all *fora* its claim that it is a third-party beneficiary of express warranties made by GE O&G to Flotech, then the Court will

**VACATE** the stay on all claims except the stay imposed pursuant to Section 3 of the FAA.  It is further

**ORDERED** that, *if* Berge Helene timely files the unequivocal statement abandoning the claim in issue, the parties shall appear for a pretrial conference on **July 29, 2009, at 1:30 p.m.**  The parties shall submit on or before on **July 22, 2009**, a new Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure addressing discovery and other matters necessary to litigate all claims not subject to a stay in this Court.

**SIGNED** at Houston, Texas, this **26th** day of **June, 2009**.

Nancy F. Atlas
United States District Judge