IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERGE HELENE, LTD., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2931 |
| | § | |
| GE OIL & GAS, INC. and JOHN DOES 1–10, | § § | |
|     Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 210] ("Motion to Amend"), to which Defendant GE Oil & Gas, Inc. ("GE") has responded in opposition [Doc. # 219], and Plaintiff has replied [Doc. # 223]. Having considered the full record and the applicable legal authorities, the Court **denies** Plaintiff's Motion to Amend as untimely.

## I. FACTUAL BACKGROUND

Plaintiff Berge Helene, Ltd. ("Berge") is the owner of a Floating Production, Storage and Offloading unit ("FPSO") used in the storage and production of petroleum products. GE is a company that *inter alia* manufactures gas compressors. In December 2002, GE entered into an agreement (the "Packager Agreement") with Flotech Limited ("Flotech"), which provided that Flotech would package compressors manufactured by GE. In 2003, Berge tendered a bid to a third-party to provide the

services of its FPSO to provide 70 mmscfd of gas compression in an oil field off the coast of Mauritania. In order to meet these compression requirements, Berge entered a contract with ABB Offshore Systems AS ("Aibel") for the purchase and installation of three compressors on the FPSO. Aibel in turn contracted with Flotech to purchase GE compressors packaged by Flotech. Berge contends that shortly after the compressors were placed into production they experienced significant and ongoing failures that resulted in Berge being unable to provide the contractually required rate of gas compression. Accordingly, on October 1, 2008, Berge brought suit in this Court against GE, alleging, among various claims, that it was a third-party beneficiary of express warranties made by GE to any or all of the entities in the distribution chain and of implied warranties that flowed to any of the entities in the distribution chain.

On January 5, 2009, the Court held an initial pretrial conference pursuant to Federal Rules of Civil Procedure 16 and 26, and established a Docket Control Order [Doc. # 20], which set June 30, 2009, as the cutoff for amendments to pleadings in this case. The parties and the Court discussed the deadlines and all counsel signed the order as approved at the end of the conference. That deadline was later extended to January 29, 2010. *See* Doc. # 52.

On July 26, 2011, almost a year and a half after the deadline, Berge filed the instant Motion to Amend. Berge seeks to file a First Amended Complaint, asserting

new causes of action for common law fraud against GE.  Berge's Motion to Amend is now ripe for decision.

## II.     LEGAL STANDARD

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired.  *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'"  *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)).  Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  To determine whether the moving party has established good cause, the Court considers the following four factors:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

## III.  ANALYSIS

The Court is unpersuaded that the deadline to amend pleadings should be extended to permit the new fraud claim Berge seeks to assert.  Berge's proposed fraud theory is that in February 2004, GE overstated the maximum load that the compressor could handle, that no later than June 2004, GE learned it had overstated the load capabilities and did not inform Berge of the error.  Berge alleges that it would not have purchased the compressors had it known the allegedly correct load capabilities, and accordingly now seeks to assert a claim for common law fraud against GE.

Berge attempts to explain its failure to timely move for leave to amend by arguing that it uncovered facts that support this additional claim only very late in discovery.  Specifically, Berge argues that in June 2011, it became aware of the following facts: that in 2008, GE had provided creators of new software, ACI Corporation ("ACI"), with a lower load capability figure for the compressor than had been provided to Berge in 2004, and that GE listed this same lower load capability figure on a secure website in May, 2011.[1]  Berge argues that it first became aware of these facts upon its review of attachments to a letter from ACI's counsel dated June

---

[1]  *See* Berge's Memorandum in Support of Motion for Leave to File a First Amended Complaint [Doc. # 211], at 4, and Exh. E thereto.

10, 2011 (the "June 2011 letter"), which had been sent in response to subpoena.[2] Berge explains that although it has "suspected for several months not only that GE made a mistake in setting the gas rod load . . . but also that GE knew already in 2004 that it had made that mistake and had sought to conceal it from Berge since then,"[3] it did not find documentary proof of its suspicions until it reviewed the June 2011 letter.[4] This contention is not persuasive. In its Response [Doc. # 219], GE lists documents produced and testimony elicited during the discovery period, as early as February 2010, which could have supported a fraud allegation under Berge's current theory consistent with Federal Rule of Civil Procedure 11. Indeed, GE presents evidence that in December 2010, it produced documents to Berge, which showed that in 2008, it gave ACI the same information that Berge now claims to have discovered in the June 2011 letter.[5]

---

[2] *See* June 10, 2011 Letter, Exh. E to Berge's Memorandum in Support of Motion for Leave to File a First Amended Complaint [Doc. # 211].

[3] *Id.* at 8.

[4] It is far from clear whether the June 2011 letter supports an allegation of fraud. The Court declines to decide that issue, which is not properly before the Court at this time.

[5] *See* Response [Doc. # 219], at 4 and Exhs. 10-12 thereto. Berge argues this documents were actually produced in January 2011. *See* Reply [Doc. # 223], at 17 n.11. This one-month distinction is not material to the Court's analysis, as Berge did not seek leave to amend until late July 2011.

Berge further argues that it could not have known the significance of those documents until certain deposition testimony was taken in May 2011. Although the Court is sympathetic to the sophisticated technical nature of the documents produced in this case, the Court is not persuaded by Berge's efforts to explain why it did not seek leave to amend until July 2011, which was after GE's dispositive motions had been filed, particularly given Berge's concession that it had suspected at least for several months that it had a potential fraud claim against GE.

The deadline for completion of discovery in this case was May 31, 2011 and the motions deadline was June 14, 2011. *See* Docs. # 155, # 160. Several times, the parties have sought extension of these deadlines by agreement. *See, e.g.*, Doc. # 159. The Court is not persuaded by Berge's explanation for its failure to seek leave to further extend these deadlines, or, most importantly, the amendment deadline earlier in this case.[6] The first factor, the explanation for the failure to timely move for leave to amend, weighs heavily against the extension Berge now seeks.

---

[6] Berge argues that the deadline to amend "essentially expired before discovery even began." *See* Reply [Doc. # 223 ], at 13. Berge notes that the deadline to amend expired in January, 2010, a few weeks before GE made its first substantial production of documents. Even assuming that is accurate, it does not excuse Berge's failure to seek extension of the deadline to amend prior to July 2011, a year and a half later.

The parties dispute whether the extension Berge now seeks is important. The Court, however, will assume that the amendment Berge seeks is important. The second factor is assumed to weigh in favor of allowing the amendment Berge seeks.

Regarding the third factor, Berge argues that GE will not be prejudiced by the amendment because "the parties have already taken virtually all of the testimony they require."[7] It is apparent that the parties have engaged in extensive discovery regarding Berge's warranty claims. In addressing those claims, however, the parties had no reason to elicit testimony or seek or analyze documents proving or disproving elements, defenses, or damages unique to Berge's fraud claim. While the Court theoretically could grant a continuance and reopen discovery, to do so would extend the litigation substantially by requiring document discovery and additional depositions of already deposed individuals, as well as potential new witnesses, some of whom live outside the United States. The case is already almost three years old. Dispositive motions have been fully briefed and are ripe for decision. There would be substantial prejudice to GE who has not conducted discovery on these new claims or had the opportunity to dispose of these claims via dispositive motions. The Court exercises its discretion to deny a continuance.

---

[7] *See* Reply [Doc. # 223], at 19.

Berge has failed to satisfy its burden to establish entitlement to a substantial continuance of the deadline to amend pleadings. As such, Berge's Motion to Amend is not timely. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [Doc. # 210] is **DENIED.**

SIGNED at Houston, Texas, this 15th day of **August, 2011**.

_____
Nancy F. Atlas
United States District Judge